

FILED
JAN 2 2 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY WARREN CADE,<br><br>                          Plaintiff,<br>vs.<br>THE ALPHA PROJECT ,<br><br>                          Defendant. | CASE NO. 08cv2098-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motion for leave to proceed in forma pauperis (Doc. 2) and the motion for appointment of counsel (Doc. 3) filed by Plaintiff Stanley Warren Cade.

On November 13, 2008, Plaintiff Stanley Warren Cade, a non-prisoner proceeding pro se, filed a complaint for retaliatory wrongful discharge based on sexual harassment. (Doc. 1.) Plaintiff concurrently filed a motion for leave to proceed in forma pauperis (Doc. 2) and a motion for appointment of counsel (Doc. 3).

1. Motion for Leave to Proceed In Forma Pauperis (IFP)

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege

1 | not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

2 |     The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action. The Motion for leave to proceed in forma pauperis pursuant is granted.

2. Motion for Appointment of Counsel

    Plaintiff requests the Court to appoint counsel under the Civil Rights Act of 1964, 42 U.S.C. 2000e 5(f)(1). Plaintiff asserts that he has fulfilled the requirements of the statute because his claim is meritorious, he has made diligent efforts to secure counsel, and he is unable to find an attorney willing to represent him on terms that he can afford. (Doc. 3 at 1).

    Title VII of the Civil Rights Act of 1964 provides: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." 42 U.S.C. § 2000e-5(f)(1). "[W]hile unquestionably possessing authority to appoint counsel, a district court is certainly not obligated to appoint counsel in every employment discrimination case. Rather, the determination is left to the sound discretion of the district court." *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). "Three factors are relevant to the trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id.*

    In this case, Plaintiff has demonstrated that he is of limited financial means and that he has made reasonably diligent efforts to obtain counsel. However, after reviewing the facts alleged in the complaint, the Court is unable to conclude that the merits of Plaintiff's retaliatory termination claim warrants appointment of counsel at this time. The motion for appointment of counsel under the Civil Rights Act of 1964 is denied without prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall file the Complaint without prepayment of the filing fee. The motion for appointment of counsel (Doc. 3) is DENIED without prejudice.

DATED: 1/22/09

WILLIAM Q. HAYES
United States District Judge