# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY WARREN CADE,<br><br>                    Plaintiff,<br>   vs.<br>THE ALPHA PROJECT,<br><br>                    Defendant. | CASE NO. 08cv2098-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant, The Alpha Project. (Doc. # 8).

## BACKGROUND

On November 13, 2008, Plaintiff Stanley Warren Cade filed a "Complaint for ... Retaliatory Termination Based on Sexual Harassment Complaint." (Doc. # 1). The Complaint consists of a single sentence: "Please refer to attached exhibits (forms)." (Doc. # 1 at 1). Plaintiff attached twenty-one pages to the Complaint, including a letter addressed to the Court dated November 13, 2008, two undated letters addressed to "To whom it may concern," and other documents. (Doc. # 1 at 2-22).

Among the documents attached to the Complaint is a Charge of Discrimination, which is signed by Plaintiff and dated September 11, 2008. The Charge of Discrimination, which was presented to the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"), states:

> I.  I was employed by the Neil Good Day Center from ... July 9, 2007, until I was discharged from my position on or about September 5, 2007. I believe that I have been discriminated against because of my sex (male) and retaliated against in that:
> a.  Beginning on or about July 2007, and continuing, I was subjected to unwanted touching by Brad Simmons, Manager, which I believe was sexual in nature.
> b.  On or about August 25, 2007, I complained to Mr. Simmons about touching me. He responded by saying that he touched everyone. Mr. Simmons and the staff became distan[t] after my complaint.
> c.  On or about September 5, 2007, I was terminated by Mr. Simmons for a complaint that he received by a city representative.
> II.  I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. # 1 at 18).

Also attached to the Complaint is a Right to Sue Notice from the DFEH, dated September 18, 2008, and a Right to Sue letter from the EEOC, dated September 23, 2008. The EEOC Right to Sue letter indicates that "the EEOC is closing its file on this charge" because "the facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC," and "[y]our charge was not timely filed with the EEOC." (Doc. # 1 at 17).

In one of the undated letters attached to the Complaint, Plaintiff states:

> I sent letters to several organizations that specialize in civil rights and employment issues, but I did not receive any response from either. Approximately 3 months ago I decided to investigate as to what was taking so long. The first organization that I contacted was the EEOC, which began as a series of contacts at different offices until finally, I was given information of the San Diego location. At which point I discovered that they had made two attempts to contact me by mail that were unsuccessful.
> The facility that I had been terminated from was the Neil Good Day Center for the Homeless. I had been a resident there and also had received my mail at the facility. After having been terminated I continued to receive my mail there yet I never received any letters from either of the organizations with which I had inquired with regarding my termination. The EEOC representatives informed me that they sent 2 letters to begin an investigation of the matter that required my signature, however I did not receive either. And for the record of the 2 they only received the second one as return mail, the other is missing in action. Which leads me to believe that my former cohorts had committed mail fraud by opening, reading and discarding the initial letter intended for me.

(Doc. # 1 at 19).

On March 16, 2009, Defendant filed a Motion to Dismiss, contending that (1) the Complaint fails to allege a basis for federal jurisdiction; (2) the Complaint fails to allege any facts supporting a claim for which relief can be granted; and (3) Plaintiff failed to file his claim with the EEOC within 300 days of the last incident of discrimination alleged in the EEOC

1  claim.[1]  (Doc. # 8).  On April 3, 2009, Plaintiff filed a response in opposition to the Motion to
2  Dismiss.  (Doc. # 10).

## STANDARD OF REVIEW

A complaint may be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989).  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss under Rule 12(b)(6), the court reads the complaint in the light most favorable to the non-moving party.  *See Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007).  "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion."  *Id*.  Courts may "consider certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment."  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint may be dismissed for failure to state a claim where the factual allegations do not raise the "right to relief above the speculative level."  *Id*.

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  However, while a pro se litigant is entitled to considerable leeway when the Court construes his pleadings, those pleadings still must meet some minimum threshold in providing the defendant with notice of what it is that it allegedly did wrong.  *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir.1995).  When dismissing a pro se

---

[1] Defendant does not contest that it is the entity referred to as the "Neil Good Day Center" in Plaintiff's Charge of Discrimination.

complaint for failure to state a claim, "the district court must give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

## DISCUSSION

### I.     Failure to Comply With the Rules of Pleading

A pro se litigant must follow the Federal Rules of Civil Procedure like any other litigant. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

Even construing Plaintiff's Complaint liberally, the Complaint fails to comply with the requirements of Rules 8 and 10. Although it is permissible for a plaintiff to attach exhibits to a Complaint, *see* Fed. R. Civ. P. 10(c), it is not proper for the entirety of the Complaint to consist of the statement: "Please refer to attached exhibits (forms)." (Doc. # 1 at 1). The Complaint itself must comply with *each* of the three provisions of Rule 8(a), quoted above, and it should consist of "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). If a plaintiff chooses to attach exhibits, each exhibit should be referenced in the Complaint, including a statement indicating, if appropriate, when and to whom the document was filed/mailed/submitted. *See Branch v. Tunnell*, 14 F.3d 449,

1 | 453 (9th Cir. 1994). Plaintiff will be given an opportunity to submit a first amended complaint
2 | which complies with these rules. *Cf. Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.
3 | 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is
4 | absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

5 | **II.     Title VII Claim**

6 | A complaint must contain a "short and plain statement of the grounds for the court's
7 | jurisdiction." Fed. R. Civ. Pro. 8(a)(1). Plaintiff's Complaint fails to comply with this
8 | requirement. However, Plaintiff's Charge of Discrimination states: "I believe that I have been
9 | discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended."
10 | (Doc. # 1 at 18). A U.S. District Court would have jurisdiction over such a claim. *See* 28
11 | U.S.C. § 1331; 42 U.S.C. § 2000e. If Plaintiff is alleging a claim pursuant to Title VII, this
12 | should be explicitly stated in the amended complaint.

13 | Title VII provides that it shall be an unlawful employment practice for an employer "to
14 | fail or refuse to hire or to discharge any individual with respect to his compensation, terms,
15 | conditions, or privileges of employment, because of such individual's race, color, religion, sex,
16 | or national origin." 42 U.S.C. § 2000e-2(a)(1). The employer is also prohibited from
17 | retaliating against an employee for opposing an unlawful employment practice. *See Lam v.*
18 | *Univ. of Hawaii*, 40 F.3d 1551, 1558-59 (9th Cir. 1994); *see also* 42 U.S.C. § 2000e-3(a).
19 | Sexual harassment is a type of sex discrimination prohibited by Title VII. *See Oncale v.*
20 | *Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998). An employer's retaliatory conduct
21 | in response to an employee's complaint of sexual harassment, a protected activity, is actionable
22 | under Title VII's antiretaliation provision. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d
23 | 951, 965 (9th Cir. 2004). In order to adequately allege a prima facie case of retaliation under
24 | Title VII, a plaintiff must allege facts sufficient to show: "(1) involvement in a protected
25 | activity; (2) an adverse employment action; and (3) a causal link between the two." *Brooks*
26 | *v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000).

27 | A precondition to suit under Title VII is that a plaintiff must first exhaust the
28 | administrative remedies available under 42 U.S.C. § 2000e-5. *See Karim-Panahi v. L.A.*

*Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  Under the statute, a plaintiff must initially file a timely charge with the EEOC and, if dismissed, receive a right-to-sue letter from the agency and then file any related court action within 90 days of receipt of the letter.  *See id.*; 42 U.S.C. § 2000e-5(f)(1).  In California, a plaintiff who first files charges with the DFEH must file the charge with the EEOC within 300 days of the alleged unlawful practice.  *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000).  "In a Title VII suit, failure to file an EEOC charge within the prescribed 300-day period is not a jurisdictional bar, but it is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel."  *Id.*  Equitable tolling in employment discrimination cases focuses on whether there is an excusable delay by the plaintiff.  *See id.*

If Plaintiff elects to file a first amended complaint alleging a Title VII claim, plaintiff must allege facts which constitute a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Plaintiff must also include factual allegations explaining whether he has complied with the timing requirements of Title VII, and if not, why.  Finally, Plaintiff must include "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(3).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**.  (Doc. # 8).  The Complaint is **DISMISSED** without prejudice.  (Doc. # 1).  No later than **THIRTY (30) DAYS** from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure.  If Plaintiff does not file an amended complaint within thirty days, the Court will order this case to be closed.

DATED: July 17, 2009

**WILLIAM Q. HAYES**
United States District Judge